*Exhibit D*

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

2013 AUG 20 AH 11: 04

APPELLATE COURT CLERK

### IN RE: MARK CHRISTOPHER SEVIER, BPR #026577
An Attorney Licensed to Practice Law in Tennessee
(Davidson County)

---

### ~~NO. M2011-02608-SC-BPR-BP~~

BOPR No. 2011-2089-5-KH(21)

---

## BOARD OF PROFESSIONAL RESPONSIBILITY'S RESPONSE TO MOTION TO SET ASIDE THE DEACTIVATION OF MY TENNESSEE LAW LICENSE FOR MEDICAL REASONS

Comes now the Board of Professional Responsibility, by and through Disciplinary Counsel, to respond to Mark Christopher Sevier's Motion to Set Aside the Deactivation of My Tennessee Law License for Medical Reasons and states the following:

1.     Pursuant to Tenn. Sup. Ct. R. 9, § 21.6, a lawyer may request reinstatement from disability inactive status by filing a petition for reinstatement with this Court. Upon the filing of a petition for reinstatement, the Court may take or direct such action as it deems necessary for a determination of whether the attorney's disability has been removed, including direction for an examination by a qualified medical expert.  The Court may also refer the matter to a Hearing Panel where the petitioner would have the burden of proof to show by clear and convincing evidence that the disability has been removed and that he is fit to resume the practice of law according to the requirements set out in Tenn. Sup. Ct. R. 9, §§ 19.3-19.6.

2.     Rather than file a petition for reinstatement, Mr. Sevier has filed a motion to set aside the Court's Order of December 19, 2011 transferring him to disability inactive status. Motions to set aside, or motions seeking relief from a final judgment, are governed by Tenn. R. Civ. P. 60.02 which states, in part:

> On motion and upon such terms as are just, the court may relieve a
> party or the party's legal representative from a final judgment, order
> or proceeding for the following reasons: (1) mistake, inadvertence,

surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

3.    This motion to set aside the December 19, 2011 Order is not made within a reasonable time; further, for reasons (1) and (2) stated in Tenn. R. Civ. P. 60, the time for seeking relief has expired.

4.    Additionally, Mr. Sevier has not provided any legal authority supporting his various requests for relief.  Whether this Court views his motion as a petition for reinstatement pursuant to Tenn. Sup. Ct. R. 9, § 21.6 or a motion to set aside pursuant to Tenn. R. Civ. P. 60.02, his demands exceed the relief allowed under both rules.

5.    Based on the foregoing, the Board requests that this motion to set aside be denied in its entirety.  Alternatively, if the Court determines that this motion should be treated as a petition for reinstatement pursuant to Tenn. Sup. Ct. R. 9, § 21.6, the Board submits the following response.

6.    The intent of Mr. Sevier's motion appears to be that his disability does not prevent him from practicing law.  However, he provides no medical proof demonstrating that his disability has been removed.  In fact, Mr. Sevier recently filed a federal lawsuit alleging that he suffers from an addiction that substantially interfered with his ability to work.  (See Exhibit A, pg. 22)  Mr. Sevier's motion should be dismissed until he can provide documentation from a qualified medical expert showing that he is able to resume the practice of law.

7.    Alternatively, the Board demands strict proof of this assertion and requests that this Court require an examination of Mr. Sevier by a qualified medical expert designated by the Court, pursuant to Tenn. S. Ct. R. 9, § 21.6.  Further, the Board requests that the entire matter be referred to a Hearing Panel to determine whether Mr. Sevier can show clear and convincing evidence of the other elements identified in Tenn. Sup. Ct. R. 9, §§ 19.3-19.6.

8.    Unfortunately, the Board must respond to more than just the technical deficiencies in Mr. Sevier's motion.  Mr. Sevier is improperly using his motion to raise unfounded and irrelevant complaints about third parties, opposing counsel in several

2

different matters, and the justice system as a whole. He employs hearsay, personal opinion, and threats throughout the motion. He relies upon lawsuits and allegations he filed against others to support his claims yet he fails to mention that the suits were dismissed. Finally, Mr. Sevier improperly uses his motion as a vehicle to impugn the integrity of this Court by accusing it of acting immorally, with a self-serving agenda, and as a participant in libel and fraud. (See Motion to Set Aside, pp. 5-8) It is well-established that pleadings of this nature should not be tolerated:

> While it is entirely proper for counsel in his brief to show errors, and apply the law to them, he is not permitted to insert matters which are defamatory, scandalous, impertinent and untrue. Nor will the courts tolerate, either orally or by brief, their use as a vehicle for abuse of the trial judge, or as a forum for an unsuccessful attorney to vent his spite.

> 5 C.J.S. Appeal & Error sec. 1327, p. 346, 347, clearly states the law bearing on this sort of offense, supported by an abundance of authority, as follows: "A brief in no case can be used as a vehicle for the conveyance of hatred, contempt, insult, disrespect or professional discourtesy of any nature for the court of review, trial judge, or opposing counsel; invectives are not argument, and have no place in legal discussion, but tend only to produce prejudice and discord.

> "The practice of inserting in briefs language which tends to bring ridicule on the trial judge or jury or which impugns his or their motives and conduct, is considered a very reprehensible one and deserving of the strongest censure, and statements objectionable in this regard will not be considered. The penalty therefor seems to depend in a measure on the degree of the offense; in a number of cases the reviewing court has seemed to consider it sufficient to reprimand counsel and sound a note of warning against any further repetition of his misconduct." Sec. 1327, pp. 346, 347.

> .....

> In making the unwarranted assertion in his brief, counsel obviously chose to ignore and violate these rules. In doing so, his misconduct was highly reprehensible, and he deserves to be and is reprimanded; and he is warned that any further repetitions of misconduct will not be tolerated.

3

*Ward v. University of South*, 209 Tenn. 412, 418-419 (Tenn. 1962) (See also *State ex rel. Inman v. Brock*, 622 S.W.2d 36 (Tenn. 1981) in which the Supreme Court found that the briefs filed by counsel were replete with material that was scandalous, impertinent, and irrelevant to the action. As a sanction, the Court invoked its inherent equity power to enjoin any further direct or indirect attempts by the attorney to participate in the filing of a lawsuit seeking to test the legality of numerous issues already determined to be without merit.)

9.      The Board submits that Mr. Sevier's reinstatement to the practice of law would be detrimental to the integrity and standing of the bar, the administration of justice, or subversive to the public interest.

10.     It should be noted that at the time Mr. Sevier was placed on disability inactive status, a Petition for Discipline and Supplemental Petition for Discipline were pending (BPR Docket No. 2010-1994-5-KH). Pursuant to Tenn. Sup. Ct. R. 9, § 21, these matters must be resolved before the effective date of any reinstatement.

WHEREFORE, the Board respectfully requests that this Court deny the Motion to Set Aside the Deactivation of My Tennessee Law License for Medical Reasons in its entirety. In the alternative, the Board requests that the Court refer this matter to a Hearing Panel and order Mr. Sevier to participate in an examination by a qualified expert.

Respectfully submitted,

Krisann Hodges, BPR #17086
Deputy Chief Disciplinary Counsel – Litigation
Board of Professional Responsibility
10 Cadillac Drive, Suite 220
Brentwood, TN 37027
(615) 361-7502

4

## CERTIFICATE OF SERVICE

I certify that I have served a copy of Board of Professional Responsibility's Response To Motion To Set Aside The Deactivation Of My Tennessee Law License For Medical Reasons upon Movant, Mark Christopher Sevier, by mailing a copy to him at 9 Music Square South, Nashville, TN 37203, via regular U.S. Mail and via e-mail to severerecords7@yahoo.com and ghostwarsmusic@gmail.com on this 21st day of August, 2013.

Krisann Hodges
Disciplinary Counsel

5